SPAULDING MANUFACTURING COMPANY v. W. D. KENDALL, *Treasurer*, AND S. A. ELLIOTT, *Sheriff, of Roger Mills County.*

(Filed September 5, 1907.)

(91 Pac. 1031.)

1.   TAXATION—Property Subject—Assessment in Two States. Personal property, assessed in another state on January 1st of a given year, and brought in and acquiring a situs in this territory prior to the first day of March of the same year, is assessable and liable for taxes for that year in Oklahoma.

2.   SAME. The territory has the right to tax property brought into the territory for the same year that it has paid taxes in another state or territory.

(Syllabus by the Court.)

*Error from the District Court of Roger Mills County; before Clinton F. Irwin, Trial Judge.*

Affirmed.

·*D. B. Welty,* for plaintiff in error.

Opinion of the court by

BURFORD, C. J.: On the first day of March, 1905, The Spaulding Manufacturing Company, of Grinnell, Iowa, was the owner of a stock of vehicles, buggies, and carriages in Sayre, Roger Mills county, Oklahoma, and said property was assessed for. the year 1905 in that county. By the laws of the state of Iowa, such property is assessable for taxation as of the first day of January of each year. The property in question, with other property, was assessed in Poweshiek county, Iowa, for the year 1905, before it was removed to Oklahoma, and at the time of the trial the first half of the taxes had been paid for 1905 in the state of Iowa. The plaintiff in error claims exemption from taxes on its property in Oklahoma for the year 1905, for the reason that it has been assessed and is liable for taxes on the same property for the same period in another state. This is the sole issue in this case. The district court of Roger Mills county held that the property was liable for taxes, and rendered judgment against the plaintiff in error for costs; hence this appeal.

Our revenue laws (section 5931, Wilson's Statutes 1903) require that "all taxable property, real and personal, shall be listed and assessed each year in the name of the owner thereof on the first day of March of each year, as soon as practicable on or after the first Monday in March, including all property owned on the first day of March of that year." Under this statute the property in question was assessable for the year 1905 in Roger Mills county, and there liable for taxation.

Counsel for plaintiff in error contends that, if the property in question is at all liable for taxes in Oklahoma, it must be under section 5919, Wilson's Statutes 1903, which is a part of what is known as the "transient property act" of 1895, and herein lies the error of his position. That law only includes transient property which is brought into the territory after the first day of March and before the first day of September of any year; that is, after the time for assessment under the general law has expired. This prop-

erty was in the territory and had acquired a situs prior to the first day of March of the year in which it was assessed, and comes within the provisions of the regular revenue laws. In the case of *Collins et al. v. Green,* 10 Okla. 244, 62 Pac. 813, Mr. Justice Burwell, speaking for the court, said: "A state or territory has the right to tax property brought into it, even though such property may have been taxed for the same year in the state or territory from which it came. The proposition is too well settled by decisions and text writers to admit of discussion." This is the established law, and is applicable to this case, and decisive of it under the facts appearing in the record. The questions argued and authorities cited by counsel in his brief have no application to the case made by his proof.

The judgment of the district court is affirmed, at the costs of the plaintiff in error.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.